Ms. Elena Hanggi 523 West 15th Street Little Rock, AR 72202
Dear Ms. Hanggi:
This is in response to your request, received by this office on May 5, 1992, for certification pursuant to A.C.A. § 7-9-107
(Repl. 1991) of the following popular name and ballot title:
 (POPULAR NAME) AN ACT TO LIMIT POLITICAL CONTRIBUTIONS AND AMEND DISCLOSURE REQUIREMENTS (BALLOT TITLE)
 AN ACT AMENDING ARKANSAS LAW BY LIMITING TO $100 PER ELECTION CONTRIBUTIONS FROM ANY PERSON TO A CANDIDATE FOR PUBLIC OFFICE; LIMITING TO $100 PER ELECTION CONTRIBUTIONS FROM ANY PERSON TO A CANDIDATE FOR UNITED STATES SENATOR FROM ARKANSAS OR UNITED STATES REPRESENTATIVE FROM ARKANSAS; LIMITING TO $100 PER ELECTION THE AMOUNT OF ANY PERSONAL LOAN, UNSECURED BY THE CANDIDATE'S PERSONAL ASSETS, MADE BY A FINANCIAL INSTITUTION TO THE CANDIDATE AND APPLIED TO HIS CAMPAIGN; REQUIRING CANDIDATES FOR PUBLIC OFFICE AS DEFINED IN ARKANSAS LAW, WHICH EXCLUDES FEDERAL OFFICES, TO FILE REPORTS OF CONTRIBUTIONS WHICH EXCEED $50; MAKING THE PROVISIONS OF THE ACT EFFECTIVE NOVEMBER 4, 1992; AND FOR OTHER PURPOSES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960). It must be free from "any misleading tendency, whether of amplification, of omission, or of fallacy." Bradley v. Hall, 220 Ark. 925, 927,251 S.W.2d 470 (1952). It is appropriate to determine what changes in the law would be brought about by the adoption of the proposed measure. Id. The court in Bradley v. Hall stated:
 It is the function of the ballot title to provide information concerning the choice that [the elector] is called upon to make. Hence the adequacy of the title is directly related to the degree to which it enlightens the voter with reference to the changes that he is given the opportunity of approving.
Id.; see also Dust v. Riviere, 277 Ark. 1, 638 S.W.2d 663
(1982).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act being referred, and provide the electorate with a complete understanding of the issues presented:
 (POPULAR NAME) AN ACT TO AMEND POLITICAL CONTRIBUTION LIMITS AND DISCLOSURE REQUIREMENTS (BALLOT TITLE)
 AN ACT AMENDING ARK. CODE ANN. § 7-6-203 TO REDUCE FROM $1,000 TO $100 THE AMOUNT OF CAMPAIGN CONTRIBUTIONS PER ELECTION WHICH MAY BE MADE BY ANY PERSON TO A CANDIDATE OR ACCEPTED BY A CANDIDATE FOR PUBLIC OFFICE, AS DEFINED, EXCLUDING FEDERAL OFFICE, AND TO ADD A LIMITATION OF $100 PER ELECTION ON CONTRIBUTIONS FROM ANY PERSON TO A CANDIDATE FOR UNITED STATES SENATOR FROM ARKANSAS OR UNITED STATES REPRESENTATIVE FROM ARKANSAS, AND TO PROVIDE FOR A $100 PER ELECTION LIMITATION ON THE AMOUNT OF ANY PERSONAL LOAN, UNSECURED BY THE CANDIDATE'S PERSONAL ASSETS, MADE BY A FINANCIAL INSTITUTION TO THE CANDIDATE AND APPLIED TO THE CAMPAIGN; AMENDING ARK. CODE ANN. §§ 7-6-207, 7-6-208 AND 7-6-209 TO REQUIRE CANDIDATES FOR PUBLIC OFFICE, AS DEFINED, EXCLUDING FEDERAL OFFICE, TO FILE REPORTS OF CONTRIBUTIONS WHICH EXCEED $50, RATHER THAN THE FORMER $100; AND MAKING THE PROVISIONS OF THE ACT EFFECTIVE NOVEMBER 4, 1992.
Pursuant to A.C.A. § 7-9-103 (Supp. 1991), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh